# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00469-CV

**Texas Department of Family and Protective Services, Appellant**

**v.**

**Jennifer Barlow, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. GN401059, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

This is a troubling case, but the standard of review guides and should control our analysis. Here, it is dispositive.

On August 3, 2001, just two weeks after the children were placed in the foster home, K.M. molested one of the four-year-olds with whom Barlow knew he shared a bedroom. The majority relegates to a footnote evidence of conduct that occurred just days before the events of August 3, including an episode when K.M. crawled into one of the four-year-old's beds in the middle of the night that Barlow "interpreted as an innocent search for comfort." That K.M.'s "sexual acting out had begun to *improve*," and he had *only* been caught acting out three or four times over the previous year does not sufficiently ameliorate the risk that K.M. would sexually perpetrate as an immediate, direct result of the living situation. The majority faults the ALJ for inadequate findings regarding the "role of the bedroom" and that there was not substantial evidence that "the

sleeping arrangements exposed the children to any risk not already present in K.M.'s placement in the Barron home."

When a court reviews an agency decision under the substantial evidence rule, the issue for the reviewing court is not whether the agency's decision was correct, but whether the record demonstrates some reasonable basis for the agency's action. *Texas Health Facilities Comm'n v. Charter Med.–Dallas, Inc.*, 665 S.W.2d 446, 452 (Tex. 1984) (citing *Gerst v. Nixon*, 411 S.W.2d 350, 354 (Tex. 1966)); *Central Power & Light Co. v. Public Util. Comm'n*, 36 S.W.3d 547, 561 (Tex. App.—Austin 2000, pet. denied). Under substantial evidence review, we presume the Department's order is supported by substantial evidence, and the appellant has the burden of overcoming this presumption. *See Graff Chevrolet Co., Inc. v. Texas Motor Vehicle Bd.*, 60 S.W.3d 154, 159 (Tex. App.—Austin 2001, pet. denied). We may not substitute our judgment for that of the agency on matters committed to agency discretion. Tex. Gov't Code Ann. § 2001.174; *H.G. Sledge, Inc. v. Prospective Inv. & Trading Co., Ltd.*, 36 S.W.3d 597, 602 (Tex. App.—Austin 2000, pet. denied). The agency is the sole judge of the weight of the evidence and the credibility of the witnesses. *Central Power & Light*, 36 S.W.3d at 561. We must uphold the agency's action if the evidence is such that reasonable minds could have reached the conclusion that the agency must have reached in order to justify its action. *Suburban Util. Corp. v. Public Util. Comm'n*, 652 S.W.2d 358, 364 (Tex. 1983).

Barlow took no action when she learned K.M. was sharing a room with the two four-year-olds, and she took no action when she learned K.M. was sleeping in the same room with them. She took no action after the "kissing" episode or the discovery of K.M. in a four-year-old's bed in

the middle of the night.  Surely, that Barlow took no action when she was assured that the four-year-olds were put to sleep *before* K.M. entered the bedroom is evidence to support the Department's findings rather than evidence that Barlow acted diligently as the majority concludes.  Given (i) the prior living arrangements of the children where the bedrooms were equipped with alarms so that K.M. could not enter them, (ii) the physical limitations of the current living arrangements, (iii) the known risks of K.M.'s prior behavior, and (iv) his behavior at the current foster home—all of which was known to Barlow—ample evidence exists to support the Department's decision.  For these reasons, I would find the Department's decision that Barlow failed to protect children under her charge, thereby neglecting these children, and that her name should be maintained on the Department's registry is supported by substantial evidence, and I would reverse the district court's judgment and affirm the Department's order.  Because the majority does not, I respectfully dissent.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Filed:   June 28, 2007

3